IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS LOUIS NOLL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, Commissioner of | : | |
| Social Security[1] | : | NO.  19-684 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                            April 13, 2020

Louis Thomas Noll ("Plaintiff") seeks review of the Commissioner's decision denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"), claiming that the Administrative Law Judge ("ALJ") was not properly appointed at the time she considered Plaintiff's case, failed to merge Plaintiff's prior claim file and consider evidence therein, failed to respond to a subpoena request for Plaintiff's therapy notes, and made a flawed assessment of Plaintiff's residual functional capacity assessment.  Doc. 17 at 3-15.  The Commissioner has responded with an uncontested motion for remand, requesting remand to allow further evaluation of Plaintiff's claims, including a new administrative hearing.  Doc. 24.[2]  After reviewing the

---

[1]Andrew Saul became the Commissioner of Social Security ("Commissioner") on June 17, 2019, and should be substituted for former Acting Commissioner, Nancy Berryhill, as the defendant in this action.  Fed. R. Civ. P. 25(d).

[2]The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  See Standing Order, In RE:  Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 10 (deeming Plaintiff to have consented based on his failure to file the Consent to or Declination of Jurisdiction of a Magistrate Judge form).

Plaintiff's brief, Defendant's motion, and the administrative record, I will grant Defendant's unopposed motion for remand, but require that the case be considered by an ALJ other than the one who previously considered Plaintiff's claims.

One of Plaintiff's claims is that the ALJ who considered his case was not properly appointed under the Appointments Clause and thus lacked the authority to preside and issue a decision. Doc. 17 at 3 (citing Lucia v. SEC, 138 S. Ct. 2044 (2019)). The Third Circuit recently ruled that a Lucia claim is not waived even if it was not raised at the administrative level, and that to remedy a Lucia error the court must remand to a properly appointed ALJ other than the ALJ whose decision is under review. See Cirko v. Comm'r of Soc. Sec., 948 F.3d 148, 159-60 (3d Cir. 2020). Although the Commissioner does not address this claim in his motion, he does not dispute Plaintiff's representation that the ALJ was not properly appointed. Thus, the case must be remanded and reassigned.

In addition, Defendant requests remand to allow further evaluation of Plaintiff's claims. The record evidences Plaintiff's history of head and neck pain, scoliosis, and a laminectomy in 2007, with decreased range of motion in his knees, hips, lumbar spine, shoulders, left ankle, and right wrist. Tr. at 400-01, 410-14. Plaintiff also has a history of panic attacks, recurrent depression, and physical and emotional trauma. Id. at 317. In addition to challenging the ALJ's authority to adjudicate his claims, Plaintiff argues that the ALJ failed to fully develop the record by retrieving records from a prior filing and obtaining records via a subpoena, and that her consideration of the evidence in the record was flawed. Doc. 17 at 3-15.

The absence of records is concerning. At the hearing, Plaintiff asked to reopen a prior claim for benefits and the ALJ indicated that she would obtain the earlier file to review the records. Tr. at 40-41, 62. Although the ALJ acknowledged that Plaintiff had "a distant history of some form of spinal surgery," the ALJ noted that no evidence was presented to support Plaintiff's claim of a spinal fusion, and no records from the prior adjudication had been incorporated in the current record. Id. at 29. In a subsequent letter to the ALJ asking for reopening and reconsideration, counsel referred to exhibits in the earlier claim file evidencing Plaintiff's prior spinal surgery. Id. at 283.

In addition, with respect to Plaintiff's mental health impairments, Plaintiff's counsel requested that the ALJ issue a subpoena for Plaintiff's therapy notes, because the therapist would not release them to counsel. Tr. at 278. According to Plaintiff's brief, the ALJ did not respond to the request and the notes were never received. Doc. 17 at 5. The ALJ's mental health findings mirror those of the state agency reviewer. Compare tr. at 86 (Paul Perch, Ed.D., finding mild limitations in activities of daily living and moderate limitations in maintaining social functioning and concentration, persistence, and pace) with id. at 27 (ALJ finding mild limitation in managing oneself, and moderate limitations in understanding, remembering and applying information; interacting with others; and concentrating, persisting, and maintaining pace). Neither the ALJ nor the state agency reviewer upon whom she placed some reliance had the benefit of the missing therapy notes.

Under these circumstances, I will grant the Defendant's unopposed motion for remand, but in accordance with Cirko will require that the case be considered by a different ALJ.

An appropriate Order and Judgment Order follow.